# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:01CV229-3-MU

| | |
|---|---|
| LARRY MAURICE JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| THEODIS BECK, Secretary of the ) | |
| North Carolina Dept. Of Correction, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Larry Maurice Johnson's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1.) Also before the Court is the State's Motion for Summary on Summary Judgment (Document No. 4.)

## I. Factual and Procedural Background

The following factual recitation is taken from the North Carolina Court of Appeals February 15, 2000, Order. Victims Raymond Allen (Allen) and Sean Allison (Allison), students at Shelby High School, met at Common Grounds, a Shelby coffee shop, on the evening of August 11, 1997. Finding the coffee shop closed, Allen and Allison remained in the area, walking around discussing things to do. At approximately 10:17 p.m., as they were preparing to leave, a four-door late 1970's or early 1980's model Dodge automobile approached. An African-American male wearing a red San Francisco Forty-Niners jersey with the number "8" on its front and the name "Young" on the back emerged from the Dodge and demanded money. When the two victims told the robber they had no

1

money, he demanded their watches. Allen surrendered his Timex Indiglo watch to the robber, and Allison handed over his Timex Indiglo Ironman watch. The robber then returned to the car, which sped away. Allen briefly pursued the getaway car on foot and reported that its license number was "JVA 6254."

Allen and Allison immediately drove to the Shelby Police Department, where they gave details of the robbery to Patrolman Dunsey Harper (Harper). During the interview, Harper received a call that an officer had stopped two suspects fitting the description the victims provided. Harper transported the victims to the site where the suspects were being detained. The victims identified Larry Maurice Johnson (Johnson) as the man who had taken their watches at gunpoint and identified Raymond Watkins as the driver. Johnson, an African-America, was wearing a burgundy, white and black Steve Young jersey with the number "8" on the front; he also was wearing two watches, one of which "perfectly" matches the description of a watch stolen from one of the victims. The police recovered a loaded Model 59 Bryco 9 millimeter pistol from a holster in Johnson's pants and a second Indiglo watch from Watkins. The police then went to Watkins' home, where they discovered a 1978 Plymouth automobile. A license plate with tag number "JVA 8245 lay beneath the driver's seat of the car.

Pursuant to a plea agreement, Watkins pled guilty to two counts of common law robbery in exchange for his cooperation. He testified that while he and Johnson were riding in Watkins' 1978 Plymouth, Johnson told him to stop the car. He watched Johnson approach the victims and point a gun at them, aiming below their waists. The victims gave their watches to Johnson. Watkins and Johnson then drove to Watkins' house, where Watkins removed the license plate from his car and hid it under the driver's seat. Watkins and Johnson then began walking and were stopped by the police

shortly thereafter.

Johnson presented no evidence. A jury found him guilty of two counts of robbery with a dangerous weapon, and the trial court imposed two consecutive imprisonment terms of sixty-four (64) to eighty-six (86) months.

On February 15, 2000, the North Carolina Court of Appeals issued an unpublished opinion finding no error in Petitioner's trial. The Supreme Court of North Carolina summarily denied discretionary review of June 15, 2000. On May 18, 2001, Petitioner filed a "motion to Modify or Vacate and Remand" in the Superior Court of Cleveland County. The Honorable Forrest Donald Bridges treated this motion as a motion for appropriate relief (MAR) and summarily denied it on May 23, 2001. Petitioner filed a motion to reconsider on June 18, 2001 which was summarily denied on June 19, 2001. Petitioner then filed a certiorari petition with the Court of Appeals on July 12, 2001, which was denied on July 20, 2001. Petitioner filed the instant petition on October 3, 2001 alleging that the trial court erred when it failed to instruct the court reporter to transcribe all phases of the trial, and his attorney was ineffective for failing to object during jury selection.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits,'" that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. Analysis

**A. Petitioner's Claim is Procedurally Barred**

As his first claim for relief, Petitioner argues that the trial court erred when it failed to instruct the court reporter to transcribe all phases of the trial. In support of this claim, Petitioner argues that racial issues were a major factor in the selection of his jury and the court reporter's failure to transcribe jury selection prevented him from proving these claims. Petitioner's claim is procedurally barred from federal habeas review.

In the Record on Appeal to the Court of Appeals, Petitioner raised in his first assignment of

error a claim that the court reporter failed to record all phases of the trial including jury selection. In his Assignment of Error number 1, Petitioner stated that the court reporter's failure to record all phases of Petitioner's trial violated his state and federal constitutional rights. However, appellate counsel did not bring this assignment of error forward in his brief and argue it as required by N.C.R. of App. P., Rule 28(a). North Carolina Rule of Appellate Procedure 28 (a) states that "questions raised by assignment of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned." N.C.R. of App. P., Rule 28(a)(2001). This is a long standing, regularly and consistently applied procedural default rule under North Carolina law. See e.g., State v. Cox, 289 N.C. 414, 418 (1976) (where co-defendant failed to bring forward and discuss assignment of error in brief, co-defendant's abandoned assignment of error); Wachovia Bank & Trust Co. V. Southeast Airmotive, Inc., 91 N.C. App. 417, 419 (1988) (Where plaintiff failed to discuss in its brief the trial court's denial of its motion for a new trial, the question raised by plaintiff's assignment of error on that issue was deemed abandoned.), cert. denied, 323 N.C. 706 (1989); State v. Rhyne, 124 N.C. App. 84, 89 (1996) (Although defendant assigned error to the sufficiency of the evidence to support the court's findings, it was determined that he abandoned this issue on appeal by not presenting argument in his brief.).

While Petitioner stated this claim in his assignment of error, the claim was not brought forward into his brief and was not argued. Therefore, Petitioner's claim that the court reporter failed to record all phases of the trial including jury selection is abandoned under state law and therefore procedurally barred from federal habeas review. See Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to follow regularly and consistently applied state procedural rules for raising issue on appeal, precludes federal habeas review); Coleman v. Thompson, 501 U.S. 722 (1991) (filing state habeas

appeal three days late under state procedural rule, precluded federal habeas review).

Petitioner's claim is procedurally barred for a second reason. Petitioner raised the substance of his claim in his "Motion to Modify or Vacate and Remand" which was treated as an MAR. Judge Bridges summarily denied this contention on the alternative grounds of procedural bar. The language Judge Bridges used indicating procedural bar reads as follows;

> Upon review of the Motion and its attachments, the undersigned finds that each of the contentions of the Defendant concerning disclosure of evidence, failure to appoint an investigator for location of a phantom witness (who did not testify), and Defendant's Batson objections relating to jury selection are issues which could have been raised during his direct appeal. Consequently, such grounds for relief are barred pursuant to the provisions of G.S. 15A-1419.

(May 23, 2001 Order ). The procedural default rule of N.C.G.S § 15A-1419(a) and (b) (1999) is an adequate and independent state ground precluding federal habeas review. See Williams v. french, 146 F.3d 203, 209 (4th Cir. 1998) ("The state procedural rule applied in this case, North Carolina General Statutes § 15A-1419(a)(3), is an independent and adequate state ground."), cert. denied, 525 U.S. 1155 (1999); Boyd v. French, 147 F.3d 319, 332 (4th Cir. 1998) ("This court has consistently held, however, that § 15A-1419(a) is an adequate and independent state-law ground for decision foreclosing federal habeas review.", cert. denied, 525 U.S. 1150 (1999). Petitioner's claim, that the trial court erred when it failed to instruct the court reported to transcribe all phases of the trial, the substance of which was also raised in his MAR, was denied on the alternative grounds of procedural bar pursuant to N.C.G.S. 15A-1419, which is an independent and adequate state ground precluding federal habeas review.

**B. Petitioner Has Failed to Establish Ineffective Assistance of Counsel**

In his second claim, Petitioner argues that his counsel was ineffective for failing to object

during jury selection. In support of this claim, Petitioner contends that there "were issues of race that was [sic] highly prejudicial to the Petitioner brought out by the prosecutor . . . ." Petitioner also asserts."[s]ome jurors stated that they did not associate with Blacks and had never invited a black to their home or function [sic], when asked by counsel do you allow your children to play with Blacks, most jurors responded, not if I know about it, the jurors answers to questions indicate racial bias and prejudice."

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding

7

was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

Petitioner has not established that his counsel was ineffective. His allegations are unsupported and conclusory. He does not cite to any particular juror that should have been excused. He has failed to cite to anything specific that shows that his counsel was deficient. Furthermore, even if he could show that his counsel was deficient, he has not established prejudice. He has not shown how the result of the proceeding would have been different if his attorney had objected during the jury selection process.[1]

Additionally, Petitioner raised the substance of this claim in his "Motion to Modify or Vacate and Remand." Judge Bridges summarily denied Petitioner's ineffectiveness claim on its merits as follows:

> With respect to Defendant's allegations concerning ineffective assistance of counsel, Defendant simply alleges that counsel failed to raise a Batson objection during jury selection. There is no indication as to whether or not there existed grounds for such an objection or whether there is any reasonably likelihood that any Court ever would have granted such a Motion if made. Nothing is said about the particular juror(s) to whom such objection should have been addressed, nor is there any indication of any likelihood that a different result would have been obtained had the objection been made.

(May 23, 20001 Order). This summary adjudication and denial of Petitioner's ineffectiveness claim on its merits, is a correct and reasonable application of the law. It is not contrary to Strickland and it is not an unreasonable application of Strickland to the facts of this case. Therefore, Petitioner's claim of ineffectiveness is also denied pursuant to § 2254(d) and (e). See Williams v. Taylor, 529

---

[1] The Court notes that the Petitioner was arrested shortly after robbing the victims, the victims affirmatively identified Petitioner as the person who robbed them, Petitioner had a gun and the watches he stole from the victims in his possession and his co-defendant testified against him at trial.

U.S. 362, 409-412 (2000).

## IV. Order

For the foregoing reasons, it is hereby ordered that the Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

**Signed: May 24, 2005**

Graham C. Mullen
Chief United States District Judge